UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF

NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | 15 CR.112(AT) |
| ROMULO MURILLO-MORALES | |

PRO SE DEFENDANT'S REQUEST FOR DISCHARGED FOR LACK OF
JURISDICTION PURSUANT TO THE FIFTH AMENDMENT TO THE
UNITES STATES CONSTITUTION

Comes now, pro se defendant, ROMULO MURILLO-MORALES respectfully move this Honorable court for an order discharging defendant for lack of Jurisdiction Pursuant to the Fifth Amendment mandate. As grounds therefore defendant state as follow;(1)

The indictment filed on February 26 2015 (Docket No.12) that charged defendant and under which defendant was tried, is not valid. As the docket(defendant's exhibit "A") would indicate, the indictment was not returned or presented in open court publicly by the Grand Jury as mandated by the Fifth Amendment to the Constitution.

The Fifth Amendment to the United States Constitution provides, "NO PERSON SHALL BE HELD TO ANSWER TO A CAPITAL OR OTHERWISE INFAMOUS CRIMES UNLESS ON A PRESENTMENT OR INDICTMENT OF A GRAND JURY".

Here in this cases, the indictment was not presented or returned in compliance with the Fifth Amendment mandate. In that it was not

1

return by the required 12 or more Grand Jurors publicly in open court, which is evident by the docket(defendant's exhibit"A")of the court proceeding regarding this matter. As an example, there is no entry of a concurrence form that show that not less 12 Grand Jurors Concurred in the return of the indictment nor is there any minute entry that show that such proceeding was held before the court as required by law. Constrary to defendant's exhibit"A" is defendant's exhibit"B" a sample of a docket from another case that evident a Grand Jury proceeding before a court on the day the indictment was returned. See COMMONWEALTH V. CAWOOD, 2 Va.cas.541 decided in 1825, the court held that, "It is necessary that it should be presented publicly by the Grand Jury; that is the evidence required by law to prove that, it is sunctioned by the accusing body and until it is so presented by the Grand Jury, with the indorsement, the party charged by it is not indicted nor is he required or bound to answer any charge against him which is not so presented. RENIGAR V. UNITED STATES, 172 F.646,650(4th Cir. 1909)(Holding that a valid indictment must be returned in open court and failure to do so is a Jurisdictional claim). In RENIGAR the court said "It is essential to the validity of an indictment that it be presented in open court and in the presence of the Grand Jury and the absence of which renders the proceedings absolutely void.

 Here in this case there is nothing under sealed or unsealed on the record that indicate that the Grand Jury publicly presented or returned the indictment as required by law. Thus the indictment is not an indictment. hence this court had no Jurisdiction over the case. EX PARTE WILSON; 114 us. 418(1835) A person sentenced

to imprisonment for an infamous crime, with or without having been presented or indicted by a Grand Jury, as required by the Fifth Amendment to the Constitution, is entitled to be discharged on habeas corpus. MACKIN V. UNITED STATES, 29 L.Ed 909(1886) crimes punishable by imprisonment in a state prison or penitentiary, with or without hard labor are infamous crime for which person cannot be held to answer in the federal court otherwise than on presentment or indictment of a Grand Jury. In STATES V. BORDEAUX, 93 N.C 563, the court says: "The law requires that the Grand Jury should make their returns in a body that the court may see that they as a body assent to the returns made. In CRAIN V. UNITED STATES, 162 u.s.625,116 sup.ct.952,40 L.ed.1097, The court set aside the verdict because the record did not show that the accused was formally arraigned.

Just as here the record does not show that the Grand Jury presented the indictment in open court as required by the Fifth Amendment to the United States Constitution, GOODSON V. STATE, 29 Fla.511,10 south.738,30 AM.st.rep.135: "The only recognized manner in which the findings of the Grand Jury can be authoritatively presented is in open court. Were the rule otherwise, it would render it possible for a designing and revengeful foreman of a Grand Jury to ruin any citizen by surreptitiously filing with the Clerk in his office an indictment manufactured by himself alone upon which his fellow Jurors had taken no action".

Therefore this court lacked Jurisdiction to ajudicate the matter. See EX PARTE MCCLUSKY(C.C.ARK)40 F.71,74; PEOPLE EX REL. BATTISTA V. CHRISTIAN,249 N.Y.314,164 N.E. 111,61 A.L.R 793,The court held that the Constitutional requirement that "no person

shall be held to answer for a capital or otherwise infamous crime unless on presentment or indictment of a Grand Jury" is Jurisdictional and can not be waived. UNITED STATES V. GILL, 55 F.2d 399;193 u.s Dist. Lexis 1947, The court held that" It follows that no lawful accusation has been filed against the defendant; That the Jurisdiction of the court was not properly invoked, and that the sentence is void". Thus it set aside the judgment and sentence.

Just as here, the indictment was not lawfully presented or returned.

## CONCLUSION

This court lack Jurisdiction to ajudicate the matter, as there was no valid or lawful indictment before the court.

**WHEREFORE**, Respectfully this Honorable Court must set aside the Judgment and sentence, and Discharge defendant.

Dated 3-17-2020

RESPECTFULLY SUBMITTED

ROMULO MURILLO-MORALES
PRO SE

## CERTIFICATE OF SERVICE

I, ROMULO MURILLO-MORALES, certify that the foregoing request for discharge was sent by first class mail to serve on Assistant United States Attorney, Mattew Laroache, Office of the United States Attorneys 1st. Andrews Plaza, New York, NY 10007.

Dated 3-17-2020

RESPECTFULLY SUBMITTED

ROMULO MURILLO-MORALES
PRO SE

# EXHIBIT

# A

**CONTENTS**

| | |
|---|---|
| **USA** | represented by **Megan Lynn Gaffney**<br>U.S. Attorney's Office, SDNY (St Andw's)<br>One St. Andrew's Plaza<br>New York, NY 10007<br>(212) 637-2105<br>Fax: (212) 637-2433<br>Email: Megan.Gaffney@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Matthew Joseph Laroche**<br>Assistant U.S. Attorney, SDNY<br>1 St. Andrews Plaza<br>New York, NY 10007<br>212-637-2420<br>Fax: 212-637-2527<br>Email: matthew.laroche@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/30/2015 | | Arrest of Luis Gil, Romulo Murillo-Morales. (gq) [1:15-mj-00285-UA] (Entered: 02/02/2015) |
| 01/30/2015 | 1 | COMPLAINT as to Luis Gil, Romulo Murillo-Morales in violation of 21 U.S.C. 846. (Signed by Magistrate Judge Andrew J. Peck) (gq) [1:15-mj-00285-UA] (Entered: 02/02/2015) |
| 01/30/2015 | 3 | CJA 23 Financial Affidavit by Romulo Murillo-Morales. Approved. Appointed CJA atty Alan Nelson. (Signed by Judge Magistrate Judge Andrew J. Peck) (gq) [1:15-mj-00285-UA] (Entered: 02/02/2015) |
| 01/30/2015 | 6 | Minute Entry for proceedings held before Magistrate Judge Andrew J. Peck:Initial Appearance as to Romulo Murillo-Morales held on 1/30/2015. Deft appears with CJA atty Alan Nelson. AUSA Megan Gaffney present for the gov't. Detention on consent without prejudice. ( Preliminary Hearing set for 3/2/2015 at 10:00 AM before Judge Unassigned.) (gq) [1:15-mj-00285-UA] (Entered: 02/02/2015) |
| 01/30/2015 | 11 | CJA 20 as to Romulo Murillo-Morales: Appointment of Attorney Alan Mitchel Nelson for Romulo Murillo-Morales.. (Appointed by Magistrate Judge Andrew J. Peck on 1/30/15)(kwi) [1:15-mj-00285-UA] (Entered: 02/26/2015) |
| 02/26/2015 | | Case Designated ECF as to Luis Gil, Romulo Murillo-Morales. (jbo) (Entered: 02/26/2015) |
| 02/26/2015 | 12 | INDICTMENT FILED as to Luis Gil (1) count(s) 1, Romulo Murillo-Morales (2) count(s) 1. (jbo) (Entered: 02/26/2015) |
| 03/06/2015 | | Minute Entry on "Disposition Sheet" for proceedings held before Magistrate Judge Andrew J. Peck: Arraignment as to Romulo Murillo-Morales (2) Count 1 held on 3/6/2015. AUSA Megan Gaffney. Defense Counsel Alan Nelson. Proceeding: Arraignment. Defendant arraigned; pleads Not Guilty. ( Plea entered by Romulo Murillo-Morales (2) Count 1 -- Not Guilty. ) Conference before District Judge on 3/9/2015. (bw) (Entered: 03/09/2015) |
| 03/09/2015 | 13 | ORDER as to Luis Gil, Romulo Murillo-Morales. The parties having appeared before the Court on March 9, 2015, it is ORDERED that: 1. The Government shall provide remaining discovery to Defendants by March 23, 2015; 2.Defendants shall submit their motions by April 20, 2015; 3. The Government shall submit opposition papers by May 4, 2015; 4. Defendants shall reply by May 11, 2015. It is FURTHER ORDERED that the next court appearance in this case shall occur on June 1, 2015, at 4:00 p.m. in Courtroom 15D of the United States Courthouse, 500 Pearl Street, New York, New York 10007. It is FURTHER ORDERED that for the reasons stated on the record, the time from March 9, 2015 through June 1, 2015, is excluded from the Speedy Trial calculation in the interests of justice pursuant to 18 U.S.C. § 3161(h)(7)(A). SO ORDERED. (Signed by Judge Analisa Torres on 3/9/2015)(bw) (Entered: 03/10/2015) |
| 03/09/2015 | | Minute Entry for proceedings held before Judge Analisa Torres: Pretrial Conference as to Luis Gil, Romulo Murillo-Morales held on 3/9/2015. Government by: Megan L. Gaffney present; Defendant(1): Luis Gil present with attorney, Mark I. Cohen; Defendant(2): Romulo Murillo-Morales present with CJA attorney, Alan M. Nelson; Court Spanish Interpreter: Humberto Garcia present.Court Reporter: Rebecca Forman present. The subsequent conference is set for Monday, June 1, 2015 at 4:00 p.m. Time is excluded from today until 6/1/2015. Detention continued for both defendants. (ajc) (Entered: 03/10/2015) |

| Date | # | Description |
|---|---|---|
| 03/09/2015 | | ORAL ORDER as to Luis Gil, Romulo Murillo-Morales: Time excluded from 3/9/15 until 6/1/15. (Signed by Judge Analisa Torres on 3/9/15) (ajc) (Entered: 03/10/2015) |
| 03/09/2015 | | As to Luis Gil, Romulo Murillo-Morales: Status Conference set for 6/1/2015 at 04:00 PM before Judge Analisa Torres. (Signed by Judge Analisa Torres on 3/9/15)(ajc) (Entered: 03/10/2015) |
| 04/15/2015 | 14 | MOTION for Bond *Motion to Set Condtions of Release*. Document filed by Romulo Murillo-Morales. (Nelson, Alan) (Entered: 04/15/2015) |
| 04/15/2015 | 15 | MEMORANDUM in Support by Romulo Murillo-Morales re 14 MOTION for Bond *Motion to Set Condtions of Release*.. (Nelson, Alan) (Entered: 04/15/2015) |
| 04/17/2015 | | Minute Entry for proceedings held before Magistrate Judge Sarah Netburn: Bond Hearing as to Romulo Murillo-Morales held on 4/17/2015. Defendant present with counsel, Alan Nelson. AUSA Megan Gaffney present for the government. Spanish Interpreter present. BAIL DISPOSITION: $250,000 PERSONAL RECOGNIZANCE BOND; TO BE COSIGNED BY 3 FINANCIALLY RESPONSIBLE PERSONS; TRAVEL RESTRICTED TO SDNY/EDNY/DISTRICT OF NEW JERSEY; SURRENDER TRAVEL DOCUMENTS AND NO NEW APPLICATIONS; STRICT PRETRIAL SUPERVISION; HOME DETENTION; ELECTRONIC MONITORING; DEFT TO BE DETAINED UNTIL ALL CONDITIONS ARE MET. (jbo) (Entered: 04/17/2015) |
| 04/17/2015 | 17 | MOTION to Suppress *Physical Evidence, Request 404(b), Brady and Discovery Materials*. Document filed by Romulo Murillo-Morales. (Nelson, Alan) (Entered: 04/17/2015) |
| 04/17/2015 | 18 | AFFIRMATION of Alan Nelson, Esq. in Support as to Romulo Murillo-Morales re 17 MOTION to Suppress *Physical Evidence, Request 404(b), Brady and Discovery Materials*.. *Affirmation and Annexed Memorandum of Law* (Nelson, Alan) (Entered: 04/17/2015) |
| 04/17/2015 | 19 | AFFIDAVIT of Romullo Murillo Morales in Support as to Romulo Murillo-Morales re 17 MOTION to Suppress *Physical Evidence, Request 404(b), Brady and Discovery Materials*.. (Nelson, Alan) (Entered: 04/17/2015) |
| 05/05/2015 | 20 | LETTER MOTION addressed to Judge Analisa Torres from AUSA Megan Gaffney dated May 5, 2015 re: Motion Response Extension . Document filed by USA as to Luis Gil, Romulo Murillo-Morales. (Gaffney, Megan) (Entered: 05/05/2015) |
| 05/05/2015 | 21 | MEMO ENDORSEMENT granting 20 LETTER MOTION The Government writes to request a one-week extension for its response. I have conferred with defense counsel, who consents to this request as to Romulo Murillo-Morales...ENDORSEMENT...Granted. The Government shall submit its opposition papers by May 11, 2015. SO ORDERED. (Signed by Judge Analisa Torres on 5/5/15) (jw) (Entered: 05/06/2015) |
| 05/05/2015 | | Set/Reset Deadlines/Hearings as to Romulo Murillo-Morales:Government Responses due by 5/11/2015. (jw) (Entered: 05/06/2015) |
| 05/11/2015 | 22 | MEMORANDUM in Opposition by USA as to Luis Gil, Romulo Murillo-Morales re 17 MOTION to Suppress *Physical Evidence, Request 404(b), Brady and Discovery Materials*.. (Attachments: # 1 Exhibit A)(Gaffney, Megan) (Entered: 05/11/2015) |
| 05/12/2015 | 23 | REPLY MEMORANDUM OF LAW in Support as to Romulo Murillo-Morales re: 17 MOTION to Suppress *Physical Evidence, Request 404(b), Brady and Discovery Materials*. . (Nelson, Alan) (Entered: 05/12/2015) |
| 05/20/2015 | 24 | Appearance Bond Entered as to (15-Cr-112-02) Romulo Murillo-Morales in amount of $250,000.00. $250,000 Personal Recognizance Bond; to be cosigned by 3 financially responsible persons; travel restricted to SDNY/EDNY/District of New Jersey; surrender travel documents and no new applications; strict pretrial supervision; home detention; electronic monitoring; Defendant to be detained until all conditions are met. [Advice of Penalties and Sanctions dated 5/20/2015 attached. Defendant Released.] (bw) (Entered: 05/21/2015) |
| 06/01/2015 | 27 | ORDER as to Romulo Murillo-Morales. The conference scheduled for June 1, 2015, is ADJOURNED to June 8, 2015, at 4:30 p.m. It is FURTHER ORDERED that for the reasons stated on the record at the March 9, 2015 conference, the time from June 1, 2015 through June 8, 2015, is excluded from the Speedy Trial calculation in the interests of justice pursuant to 18 U.S.C. § 3161(h)(7)(A). SO ORDERED. Time excluded from 6/1/2015 until 6/8/2015. (Signed by Judge Analisa Torres on 6/1/2015)(ft) (Entered: 06/02/2015) |
| 06/08/2015 | | as to Romulo Murillo-Morales Status Conference set for 6/18/2015 at 04:45 PM before Judge Analisa Torres. (Signed by Judge Analisa Torres on 6/8/2015)(ft) (Entered: 06/08/2015) |

# EXHIBIT B

**CONTENTS**

Office of the US Attorney (NYWD)
Office of United States Attorney - Syracuse
100 South Clinton Street
P.O. Box 7198
Syracuse, NY 13261
315-448-0672
Fax: 315-448-0658
Email: tamara.thomson@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
Designation: Assistant US Attorney

Gwendolyn E. Carroll
Office of the United States Attorney - Syracuse
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198
315-448-0672
Fax: 315-448-0954
Email: gwendolyn.carroll@usdoj.gov
TERMINATED: 12/15/2014
Designation: Assistant US Attorney

| # | Docket Text |
|---|---|
| 1 | INDICTMENT as to Rasbury Gibson (1) Count(s) 1, Jamal Gibson (2) Count(s) 1... |
| 2 | Motion for... |

APP. 231